UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>GEORGE PICETTI, III, M.D.,<br><br>Respondent. | No. 2:19-cv-00049 KJM AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

The United States has filed a Petition for Summary Enforcement of a Civil Investigative Demand ("CID"), ECF No.1, seeking to compel respondent to provide documentary material and oral testimony in relation to an investigation under the False Claims Act. Respondent has opposed the petition, ECF No. 11, and petitioner filed a reply, ECF No. 12. The matter was referred to the undersigned pursuant to Local Rule 302. ECF No. 13. After petitioner requested an evidentiary hearing, ECF No. 14, the undersigned conducted a status conference on April 24, 2019. Christopher Terranova appeared for the United States, and Donald H. Heller appeared for the respondent, Dr. Picetti. The court now finds that further argument and briefing are unnecessary to disposition of the matter. For the reasons explained below, the court denies the request for an evidentiary hearing and recommends that the petition for enforcement of the CID be granted.

////

I. Background

Respondent is an orthopedic surgeon who performs spinal surgeries at Sutter Medical Center in Sacramento. Many of these surgeries result in the submission of claims to federal health care programs such as Medicare. Some of the surgeries billed to Medicare have involved the use of medical devices (rods, screws, plates, and the like) procured from companies owned and operated by Christina Holland. Respondent and Holland are unmarried, but live together and share some but not all of their financial resources. The Department of Justice is investigating whether Dr. Picetti and others submitted or caused the submission of false claims to federal healthcare programs by (1) seeking reimbursement for unnecessary medical procedures; (2) offering or accepting improper remuneration in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b; and (3) paying or receiving improper compensation in violation of the Stark Law, 42 U.S.C. § 1395nn. Among other things, the United States is looking into Dr. Picetti's solicitation and receipt of remuneration from device manufacturers and distributors, including but not limited to Ms. Holland's companies. One of the companies under scrutiny in this regard is Nexxt Spine.

As part of its investigation, the Commercial Ligation Branch of DOJ's Civil Division issued Civil Investigative Demand ("CID") 18-464 to Dr. Picetti in October 2018. See ECF No. 1-3 (Exhibits to the Declaration of Christopher Terranova) at 2-16 (CID 18-464). This CID seeks oral testimony and various documents related to the investigation. Id. Respondent, through counsel, has objected to compliance and the government seeks enforcement of the CID.

II. Standards for Enforcement of a Civil Investigative Demand Under the False Claims Act

"The FCA . . . is the government's primary litigative tool for combatting fraud against the federal government." United States ex rel. Kelly v. Boeing Co., 9 F.3d 743, 745 (9th Cir. 1993). The statute provides in relevant part that:

> (a)(1) . . . Whenever the Attorney General, or a designee . . . has reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation, the Attorney General, or a designee, may, before commencing a civil proceeding under section 3730(a) or other false claims law, or making an election under section 3730(b), issue in writing and cause to be served upon such person, a civil

```
                    investigative demand requiring such person –

                    (A) to produce such documentary material for inspection and
                    copying,

                    […]
                    (C) to give oral testimony concerning such documentary material or
                    information. . .
```

31 U.S.C. § 3733(a)(1).

"Whenever any person fails to comply with any civil investigative demand issued under subsection (a) . . . the Attorney General may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person a petition for an order of such court for the enforcement of the civil investigative demand." § 3733(j)(1).

Civil investigative demands are enforced as administrative subpoenas. See United States v. Markwood, 48 F.3d 969, 975-76 (6th Cir. 1995) (finding FCA CIDs are administrative subpoenas); FTC v. Invention Submission Corp., 965 F.2d 1086, 1087 (D.C. Cir. 1992) (treating FTC CID as administrative subpoena), cert. denied, 507 U.S. 910 (1993); United States v. ASG Solutions Corp., No. 17-cv-1224, 2018 WL 1418023, 2018 U.S. District LEXIS 47716 (S.D. Cal., March 22, 2018) (Report and Recommendation of Magistrate Judge) (enforcement of FCA CID governed by standards for administrative subpoenas), adopted in full, 2018 WL 3471405, 2018 U.S. Dist. LEXIS 121013 (S.D. Cal., July 18, 2018).

The scope of judicial review for administrative subpoenas is "quite narrow." See United States v. Golden Valley Elec. Ass'n, 689 F.3d 1108, 1113 (9th Cir. 2012). As the Ninth Circuit has explained: "[t]he scope of the judicial inquiry in . . . any . . . agency subpoena enforcement proceeding is quite narrow. The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." EEOC v. Fed. Express Corp., 558 F.3d 842, 848 (9th Cir. 2009) (quoting EEOC v. Karuk Tribe Hous. Auth., 260 F.3d 1071, 1076 (9th Cir. 2001)). "If these factors are shown by the agency, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is

overbroad or unduly burdensome." EEOC v. Children's Hosp. Med. Ctr. of N. Cal., 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc), overruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai, 42 F.3d 1299 (9th Cir.1994); see also Peters v. United States, 853 F.2d 692, 699 (9th Cir. 1988) (summarizing cases addressing subpoenas found unduly or needlessly broad).

The district court has a "strictly limited" role when an agency subpoena is attacked for lack of jurisdiction. Children's Hosp. Med. Ctr., 719 F.2d at 1430. As long as "there is some 'plausible' ground for jurisdiction, or, to phrase it another way, unless jurisdiction is 'plainly lacking,' the court should enforce the subpoena." Id. (internal citations omitted). "[A] party may not defeat agency authority to investigate with a claim that could be a defense if the agency subsequently decides to bring an action against it." Id. at 1429. The judicial inquiry is narrow because judicial review of early phases of an administrative inquiry results in interference with the proper functioning of the agency, and delays resolution of the ultimate question whether the Act was violated. EEOC v. Shell Oil Co., 466 U.S. 54, 81 n.38 (1984).

III. An Evidentiary Hearing Is Not Warranted

Respondent contends that that the Department of Justice lacks authority to enforce the CID, because it has invited a settlement proposal from Nexxt Spine in relation to Nexxt Spine's involvement with Dr. Picetti and Christina Holland. ECF No. 11 at 1. The government disputes respondent's factual assertions regarding its communications with Nexxt Spine, and respondent seeks an evidentiary hearing to resolve the dispute.

The court construes respondent's argument regarding DOJ's authority as a challenge to the agency's jurisdiction. See EEOC v. Fed. Ex., 558 F.3d at 848 (question whether EEOC issuance of right-to-sue letter deprives agency of subpoena power implicates agency authority to investigate, which is jurisdictional). Authority to issue a CID exists where there is reason to believe an individual has information relevant to a false claims investigation, and the government has not yet "commenc[ed] a civil proceeding under section 3730(a). . . or ma[de] an election under section 3730(b)." See 31 U.S.C. § 3733 (a)(1).[1]

---

[1] The FCA provides that, following an investigation of suspected false claims, the Attorney General may either (1) bring a civil action for violation of the statute, or (2) elect to intervene in a

As discussed below, it is undisputed that the government is investigating Dr. Picetti, and has not (or not yet) commenced a civil proceeding against him or made an election regarding any qui tam suit by a private party. Respondent appears to argue that a government request for a settlement offer from Nexxt Spine, based on Nexxt Spine's dealings with Dr. Picetti, demonstrates that the government has already identified a basis for liability applicable to respondent, and is therefore under an obligation to move forward with legal action rather than continuing to investigate. See ECF No. 11 at 6-8. However, Congress has not limited CID authority to investigations predating a government determination that it has grounds to take legal action; it has limited CID authority to investigations preceding the actual commencement of a civil action or an election related to actual qui tam litigation. § 3733(a)(1).[2] Accordingly, even if respondent were correct about the facts related to Nexxt Spine's communications with the United States, that would not divest DOJ of authority to issue or enforce the instant CID. Because the facts asserted by respondent would not demonstrate the absence of DOJ jurisdiction, an evidentiary hearing is unnecessary.

Moreover, even if respondent had articulated a viable theory under which settlement discussions with Nexxt Spine could affect DOJ authority to enforce the CID, respondent has not made a proffer sufficient to support an evidentiary hearing. Both in his written opposition to the petition and when pressed for a proffer at the status conference, respondent's counsel has relied exclusively on his understanding of the facts from his own conversations with counsel for Nexxt Spine. The request for an evidentiary hearing is unsupported by any witness declarations or documentary evidence indicating the existence of evidence that would support respondent's

---

*qui tam* action brought by a private party. § 3730(a),(b).

[2] Respondent contends that § 3733 "provides only authority to determine whether probable cause exists to file a civil complaint or intervene in a private action (*qui tam*)," ECF No. 11 at 7, but the statute includes no reference to "probable cause" as a limiting factor for CIDs. Respondent's interpretation is based on the legislative intent to create an investigative tool precedent to litigation. The investigative purpose of the statute does not require the statutory construction respondent urges, however. Moreover, where statutory language is unambiguous, as it is here, there is no need for recourse to legislative history as a tool for construction. Darby v. Cisneros, 509 U.S. 137, 147 (recourse to legislative history is unnecessary when a statute's text is plain).

version of the facts.[3] As the United States correctly emphasizes, counsel's arguments and unsupported factual assertions do not constitute evidence. See ECF No. 12 at 2 (citing Carillo-Gonzalez v. INS, 353 F.3d 1077, 1079 (9th Cir. 2003) and Williams v. Woodford, 384 F.3d 567, 588 (9th Cir. 2004), cert. denied, 546 U.S. 934 (2005)).

For these reasons, an evidentiary hearing is not warranted. Respondent is not entitled to conduct an inquiry into the United States' discussions with Nexxt Spine, and the court need not determine whether respondent's characterization of those discussions is accurate. Because respondent has presented neither a legal theory nor an evidentiary proffer that would demonstrate DOJ jurisdiction is "plainly lacking," Children's Hosp. Med. Ctr., 719 F.2d at 1430, the request for an evidentiary hearing is denied.

IV. The CID Should Be Enforced

A. Congress Has Granted the Authority to Investigate

The court finds that the CID at issue, ECF No. 1-3 at 2-16, falls squarely within § 3733(a)(1)'s grant of authority to seek documentary material and oral testimony. The United States is investigating whether Dr. Picetti and others submitted or caused the submission of false claims to federal healthcare programs by (1) seeking reimbursement for unnecessary medical procedures; (2) offering or accepting improper remuneration in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b; and (3) paying or receiving improper compensation in violation of the Stark Law, 42 U.S.C. § 1395nn. ECF No. 1-3 at 2. It is undisputed that DOJ has not yet initiated a civil action against Dr. Picetti nor made an election in relation to a private *qui tam* action. Accordingly, the CID comes within the scope of the investigative authority provided by the FCA, § 3733.

For the reasons already explained, the court rejects respondent's contention that DOJ's investigative authority vis-à-vis Dr. Picetti is defeated by its settlement discussions with third

---

[3] The government has presented a sworn declaration and other evidence contradicting respondent's assertions. ECF No. 12-1 (Declaration of Christopher Terranova); ECF No. 12-2 (email from counsel for Nexxt Spine to Mr. Terranova, stating "if anyone quoted me as saying that the US has made a demand, that is indeed NOT an accurate reflection of anything I might have said. I agree the US has not made any demand on Nexxt Spine.").

parties. Nothing in the language of the statute supports a such a limitation on agency jurisdiction, and respondent has not identified any legal authority directly supporting its position that settlement discussions with another entity divest DOJ of authority to utilize the CID provision.

Respondent argues more broadly that the CID represents an abuse of governmental investigative authority. ECF No. 11, *passim*; ECF No. 10 (Answer) at 3 (asserting "abuse of the CID process" as an "affirmative defense"). Respondent contends that the United States is improperly using the CID process to conduct extended, unilateral, *ex parte* discovery past the point when a civil action should have been commenced or joined (if not abandoned), thus giving respondent equal access to the tools of civil discovery. Id. Respondent's entire argument in this regard amounts to a critique of the system Congress has adopted for pre-litigation investigation by the government of suspected false claims. The critique is fair enough – pre-litigation government investigations, whether civil or criminal, are indeed unilateral and do reflect an imbalance of power – but it provides no legal basis for finding the CID unenforceable. The fact remains that the statute does not support the gloss respondent tries to impose on it, and none of the cases respondent cites support his position.

In United States v. Markwood, 48 F.3d 969, 987 (6th Cir. 1995), for example, the Court of Appeals held that a petition to enforce a false claims CID was properly granted. The court rejected the argument that the CID constituted an abuse of process, because the respondent had not demonstrated any improper motive or conflict of interest on the part of the issuing government official. Id. at 984-856. The court also expressly rejected the argument, urged by respondent here, that false claims CIDs are subject to different standards than administrative subpoenas issued under other statutory regimes by administrative agencies other than DOJ. Id. at 975-76.

In United States v. Kernan Hospital, No. RDB-11-2961, 2012 WL 5879133, 2012 U.S. Dist. LEXIS 165688 (D. Md., Nov. 20, 2012), the district court denied an enforcement petition because the United States *had already filed an FCA complaint*, though it was not pending (the court having dismissed it for failure to plead fraud with particularity) at the time the CID was issued. This unique factual situation is entirely distinguishable from the present case, in which no

complaint has been filed and no election made to intervene in a *qui tam* action. Under the plain language of the FCA, those are the events which terminate the government's authority to issue a CID.

For all these reasons, the court rejects respondent's arguments that the DOJ issued the CID in excess of its authority under the FCA.

### B. Procedural Requirements Have Been Followed

The CID complies with all applicable statutory requirements. It specifies the conduct under investigation and the law(s) that may be violated, as required by § 3733(a)(2)(A). See ECF No. 1-3 at 2. The CID also describes the documentary material to be produced with the "definiteness and certainty" required by § 3733(a)(2)(B)(i). See ECF No. 1-3 at 5-16. It prescribes a return date and identifies the false claims investigator to whom the documents must be made available, as required by § 3733(a)(2)(B)(ii)-(iii). See ECF No. 1-3 at 2. As to the demand for oral testimony, the CID specifies the date, time and place for the testimony; the identity of the investigator to conduct the examination; and the general nature of the testimony sought, as required by § 3733(a)(2)(D)(i), (ii) & (v). See ECF No. 1-3 at 2-3. The CID also includes a statement of the necessity for oral testimony, and notification of the right to be accompanied by counsel at the deposition, as required by § 3733(a)(2)(D)(iii)-(iv). See ECF No. 1-3 at 3. Accordingly, the court finds that all procedural requirements are met. Respondent does not contend otherwise.

### C. The Evidence Sought is Relevant to the Investigation

Respondent does not contest the relevance of the information sought, nor could he. Relevance in this context is determined in terms of the investigation, rather than in terms of evidentiary relevance. Fed. Ex., 558 F.3d at 854. This standard is "not especially constraining." Id. Courts "must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." Karuk Tribe, 260 F.3d at 107). Documentation and oral testimony regarding Dr. Picetti's dealings with the specified manufacturers and distributors of medical devices, ECF No.1-3 at 9, are clearly related to the government's inquiry into possible false claims and kickbacks.

### D. The Request Is Not Overbroad or Unduly Burdensome

Because the DOJ has shown that CID 18-464 comes within the scope of its authority to investigate, satisfies applicable procedural requirements, and seeks evidence that is relevant and material to the investigation, it must be enforced unless respondent proves the inquiry is unreasonable because it is overbroad or unduly burdensome. See Children's Hosp. Med. Ctr., 719 F.2d at 1428.

Respondent insists that the inquiry is unreasonable in that the government is abusing the CID process, as discussed above. Petitioner does not, however, argue that CID 18-464 is by its terms overbroad in scope, or that compliance with it would impose an undue burden on Dr. Picetti. Unreasonableness on grounds of overbreadth or undue burden is the only kind of unreasonableness that matters here; the overall "reasonableness" of DOJ's investigation is not subject to judicial review in this context. To the extent respondent argues that any compliance with the CID process constitutes an undue burden because the ongoing investigation is abusive, the court rejects the argument for the reasons previously explained.

Having compared the information sought by the CID to the purpose and scope of the investigation, the court finds that the CID is not overbroad. The demand appears on its face to be proportional to the scope of the investigation, and it bears none of the indicia of overbreadth that have been recognized in other cases. See Peters, 853 F.2d at 699 (collecting cases). Accordingly, there is no reason not to enforce the CID.

### CONCLUSION

For all the reasons stated above, the undersigned finds that the CID is enforceable and should be enforced. Accordingly, it is unnecessary to reach petitioner's alternative arguments that respondent waived objection to the CID by failing to timely respond or timely petition to modify or set aside the CID. See ECF No. 1-1 at 6-7.

Accordingly, it is hereby ORDERED that respondent's request for an evidentiary hearing, ECF No. 14, is DENIED.

IT IS FURTHER RECOMMENDED that the Petition to Enforce Civil Investigative Demand, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 26, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE