UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>GEORGE PICETTI, III, M.D.,<br><br>Respondent. | No. 2:19-cv-0049 KJM AC<br><br><br><br>ORDER |

The matter was referred to a United States Magistrate Judge as provided by Local Rule 302. ECF No. 13.

On April 29, 2019, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 18. Respondent has filed objections to the findings and recommendations. Obj., ECF No. 19. Petitioner filed a response to the objections, Resp., ECF No. 20.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis, for the reasons explained below.

/////

1

Objecting to the magistrate judge's findings and recommendations, respondent argues new evidence warrants this court's declining the findings and recommendations because the evidence reveals contradictory statements involving purported settlement discussions made in discussions involving government counsel Mr. Terranova and counsel for third party Nexxt Spine, LLC, Sanford Boxerman, in a related enforcement action filed in the Southern District of Indiana. Obj. at 3. Respondent contends a newly discovered declaration from Mr. Boxerman, filed in the Southern District of Indiana, creates a factual dispute as to whether the government made a settlement demand of Nexxt Spine, a dispute requiring resolution by evidentiary hearing. *Id.* at 6. If the court finds the government did indeed make a settlement demand of Nexxt Spine, respondent argues, that demand necessarily provides grounds for liability under 31 U.S.C. § 3733 given the nexus between and among Dr. Picetti, Ms. Holland and Nexxt Spine, and once the government acts on the basis of that liability, they are divested of jurisdiction under § 3733(a)(1). *Id.*

Respondent's argument lacks merit. For one, respondent concedes a factual determination regarding the purported settlement demand is irrelevant should this court find the magistrate judge correctly analyzed the government's jurisdictional authority within the contours of 31 U.S.C. § 3733. *Id.* Secondly, respondent cites no authority supporting the proposition that settlement negotiations with a third party, if true, constitute an affirmative commencement or intervention divesting the government of its investigative power under § 3733(a)(1) thereafter. Instead, respondent relies on the same authority presented to the magistrate judge and merely recasts its prior arguments fully considered by the magistrate judge in her findings and recommendations. *Id.* at 4–6 (citing *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc), *overruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299 (9th Cir. 1994); *United States v. Kernan Hospital*, No. RDB-11-2961, 2012 WL 5879133 (D. Md., Nov. 20, 2012)).

The magistrate judge applied the proper analysis and correctly found the government acted within its authority when issuing Civil Investigative Demand 18-464. As petitioner correctly notes, the Ninth Circuit applies a "plainly lacking jurisdictional standard" to agency

| | |
|---|---|
| 1 | investigatory demands of various types, and absent evidence of clear jurisdictional overreach, |
| 2 | agency investigatory action is proper.  Resp. at 2–3; *see Consumer Fin. Prot. Bureau v. Great* |
| 3 | *Plains Lending*, LLC, 846 F.3d 1049, 1051 n.2 (9th Cir.) ("[W]e have consistently applied this |
| 4 | [plainly lacking] standard in assessing an agency's jurisdiction at the investigative stage."), |
| 5 | *cert. denied*, 138 S. Ct. 555 (2017).  Where an agency acts within its Congressionally delegated |
| 6 | authority, and purported factual determinations have no bearing on whether that authority has |
| 7 | been divested, an evidentiary hearing on the matter is unnecessary. |
| 8 | Accordingly, IT IS HEREBY ORDERED that: |
| 9 | 1.  The findings and recommendations filed April 29, 2019 are adopted in full; and |
| 10 | 2.  The Petition to Enforce Civil Investigative Demand, ECF No. 1, is GRANTED. |
| 11 | DATED:  September 26, 2019. |

_____
UNITED STATES DISTRICT JUDGE